**George Riley Altman**,

           Petitioner,

v.

**Warden Hollembaek**,

           Respondent.[1]

**Memorandum & Recommendation**

Petitioner George Riley Altman, challenges, pursuant to 28 U.S.C. § 2241, the loss of good-time credits resulting from a disciplinary proceeding at FCI Morgantown. *See* Pet. Ex. at 10–12, D.E. 1–1. The United States requests that the court dismiss Altman's Petition because, the Government argues, it fails to state a claim upon which relief may be granted. D.E. 8. A review of Altman's Petition demonstrates that there was sufficient evidence to support the disciplinary action imposed by correctional officials. Therefore, the Government's Motion to Dismiss should be granted and this matter should be dismissed.

**I.    Background**

In 2015, a staff member at FCI Morgantown charged Altman with violations of Prohibited Act Code 305 ("Code 305") ("Possession of Anything Not Authorized") and Prohibited Act Code 331 ("Code 331") ("Possession, Manufacturing, or Introduction of Non-Hazardous Contraband.") after a search of his living quarters uncovered chewing tobacco stored in his laundry bag. Altman received a copy of the incident report the day after it was filed and

---

[1] Respondent advises the court that the correct spelling of respondent's name is Hollembaek. *See* Mem. in Supp. of Mot. to Dismiss at 1 fn.1, D.E. 9. Thus, the undersigned directs the clerk to make this correction on the docket report.

was advised of his rights with respect to the disciplinary process. A Unit Disciplinary Committee reviewed the incident report and referred the charges to a disciplinary hearing officer ("DHO"). The DHO conducted a disciplinary hearing via video conference almost two and a half weeks after Altman was written up.

At the hearing, Altman denied that the tobacco was his or that he had placed it in his laundry bag. Altman asserted that he had no reason to possess chewing tobacco because he does not use tobacco products of any kind. He went on to claim that other inmates placed the tobacco in his laundry bag because they wanted him removed from the cell block due to his loud snoring. The other inmates had access to his property, he argued, because he lived in a cubicle that lacked a method for excluding other inmates and that his cubicle mate, who disliked him, frequently had other visitors.

The DHO determined that the evidence weighed in favor of finding that Altman had committed the charged offenses. According to the DHO, Altman had "not offered any reliable evidence refuting the officer's statements that the tobacco was found in [his] laundry bag and that the laundry bag is his personal property." D.E. 1-1 at 3. The DHO viewed Altman's explanation to the contrary as "an attempt to evade responsibility" for the offenses. *Id.* Furthermore, the DHO maintained that even if another inmate had placed the chewing tobacco in Altman's laundry bag, that "does not absolve him from the responsibility of maintaining a contraband-free living space to the maximum extent possible." *Id.* at 2-3. Thus, the DHO determined that Altman had committed the offense and sanctioned him with a loss of 14 days of good conduct time and 10 days in disciplinary segregation for violating Code 305, and a loss of 14 days of good conduct time and restricted his commissary privileges for 90 days for violating Code 331. *Id.* at 3.

Altman appealed the DHO's decision. On appeal, the Regional Director found "that Section 11 of the incident report and the evidence support Code 331, Possession of Non-Hazardous Contraband or Tobacco" and amended Altman's disciplinary record to reflect this decision. D.E. 1-1 at 15. Altman received an Amended DHO Report that no longer included a violation of Code 305 and reduced his sanction him with forfeiture of 14 days of good conduct time and a 90 day restriction on his commissary privileges.

Altman now argues that the evidence presented at his disciplinary hearing was insufficient to prove that he introduced the tobacco into the facility. He seeks restoration of his good-time, adjustment of his custody down 4 points, and removal of the infraction from his record.

## II. Standard of Review

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint states a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009); *see Iqbal,* 556 U.S. at 678–79. Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano,* 521 F.3d at 302 (quotation omitted); *see Iqbal,* 556 at 678–79. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

### III. Discussion

Certain procedural safeguards apply with loss of statutory good time credit is at issue. *See Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). Under *Wolff*, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) a written statement by the factfinders as to the evidence relied on and the reasons for disciplinary action; and (3) the opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. *Id.* at 564–66.

In addition to these procedural safeguards, a DHO findings revoking a prisoner's good-time credit must be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." *Id.* at 455–56; *Baker v. Lyles,* 904 F.2d 925, 932 (4th Cir. 1990) (quotation omitted). The "some evidence" standard is a highly deferential standard of review. *See Hill*, 472 U.S. at 455–56.

It is important to note that Altman was partially successful in his appeal of the DHO's initial decision. After considering Altman's appeal, the Regional Director determined that the incident report and the evidence presented at the disciplinary hearing supported sanctioning Altman for violating Code 331 due to possession of non-hazardous contraband or tobacco. D.E. 1-1 at 15. Thus, it is the appellate determination and not the original DHO determination that the court must review.

Code 331 prohibits "[p]ossession, manufacture, introduction, or loss of a non-hazardous tool, equipment, supplies, or other non-hazardous contraband…." *See* 28 C.F.R. § 541.3 Table 1. Although Altman contests whether he introduced tobacco into the facility, he readily admits that he possessed the tobacco. *See* Resp. in Opp'n at 2–3 ("Petitioner concedes that the baggy was in his laundry bag…."), D.E. 12. In fact, he asserts that "possession[,] albeit constructive or otherwise, is not the element Petitioner is challenging in his instant petition." *Id.* Despite conceding the issue of possession, Altman claims that "absent any evidence to prove the element of 'introduction', [sic] the violation for the 331 [sic] should be expunged and he [should] be credited back his 14 days [good time credit]." *Id.* at 3.

Given that Code 331 prohibits, among other things, either possession or introduction of contraband, Altman's possession of tobacco is sufficient to support the disciplinary action against him regardless of whether there is evidence that he introduced it into the facility. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) ("Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise[.]"); *United States v. Cooper*, 962 F.2d 339, 341 (4th Cir. 1992) ("We are bound, as were the other circuit courts, to interpret a statute written in the disjunctive as setting out separate and distinct alternatives."), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000). In addition to his concession on the issue of possession, the DHO held that "Altman has not offered any reliable evidence refuting the officer's statements that the tobacco was found in Altman's laundry bag and that the laundry bag is his personal property." D.E. 1-1 at 3. Thus, the pleadings in this action demonstrate that there is at least some evidence to support the disciplinary action against Altman and the Government's Motion to Dismiss should be granted.

5

## IV. Conclusion

In sum, the undersigned recommends that the court grant the Government's Motion to Dismiss. Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: October 24, 2016

_____
Robert T. Numbers, II
United States Magistrate Judge