IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2256-D

GEORGE RILEY ALTMAN, )
)
         Petitioner, )
)
v. ) **ORDER**
)
WARDEN HOLLENBAEK, )
)
         Respondent. )

On November 2, 2015, George Riley Altman ("Altman" or "petitioner"), a federal inmate, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1], accompanied by supporting exhibits [D.E. 1-1]. Altman is confined at United States Penitentiary, Atlanta,[1] and challenges his loss of good-time credits arising from a disciplinary proceeding that occurred while he was confined at FCI Morgantown in West Virginia. Pet. at 2–7. On April 15, 2016, Magistrate Judge Numbers allowed the petition to proceed [D.E. 5]. On May 5, 2016, the United States filed a motion to dismiss the action for failure to state a claim [D.E. 8], and the court notified Altman of his right to respond [D.E. 11]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On May 12, 2016, Altman responded in opposition to the motion to dismiss [D.E. 12]. On October 24, 2016, Judge Numbers issued a Memorandum and Recommendation ("M&R") recommending that the court grant the government's motion to dismiss [D.E. 14]. On November 3, 2016, Altman filed objections to the M&R [D.E. 15]. As explained below, the court overrules Altman's objections, adopts the findings and conclusions in the M&R except as modified in this order, and grants the government's motion to dismiss.

---

[1] When Altman filed his petition, he was confined at Butner Low FCI in North Carolina. See Pet. [D.E. 1] 1.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). The court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). The Federal Magistrate's Act "does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (quotation and emphasis omitted).

The court has reviewed the M&R, the record, and Altman's objections. In 2015, a staff member at FCI Morgantown charged Altman with violating Prohibited Act Code 305 ("Code 305") ("Possession of Anything Not Authorized") and Prohibited Act Code 331 ("Code 331") ("Possession, Manufacturing, or Introduction of Non-Hazardous Contraband") after a search of Altman's living quarters uncovered chewing tobacco stored in his laundry bag. Prison staff referred the charges to a disciplinary hearing officer ("DHO"). The charging document specifically charged Altman with "poss unauthorized item; poss a nonhazardous tool" under Codes 305 and 331 [D.E. 10-4] 1. At the hearing, Altman denied that the tobacco was his or that he had placed it in his

2

laundry bag. Altman asserted that he did not use tobacco products of any kind and claimed that other inmates placed the tobacco in his laundry bag because they wanted him removed from the cell block due to his loud snoring. In support, Altman argued that the other inmates had access to his property because he lived in a cubicle that lacked a method for excluding other inmates and that his cubicle mate, who disliked him, frequently had visitors.

The DHO found that Altman had committed offenses under "Code 305 - Possession of Anything Not Authorized" and "Code 331 - Introduction of Non-Hazardous Contraband." [D.E. 1-1] 3. According to the DHO, Altman did not offer "any reliable evidence refuting the officer's statements that the tobacco was found in [his] laundry bag and that the laundry bag is his personal property." Id. The DHO did not find Altman credible and viewed Altman's explanation as "an attempt to evade responsibility" for the offenses. See id. at 2. The DHO also found that even if another inmate had placed the chewing tobacco in Altman's laundry bag, that "does not absolve him from the responsibility of maintaining a contraband-free living space to the maximum extent possible" in light of the prison's handbook, provided to prisoners, which instructed prisoners to regularly inspect their personal areas for contraband. Id. at 2–3. Thus, the DHO determined that Altman had committed the offenses and sanctioned him with a loss of 14 days of good conduct time and 10 days in disciplinary segregation for violating Code 305, and a loss of 14 days of good conduct time and restricted his commissary privileges for 90 days for violating Code 331. Id. at 3.

Altman appealed the DHO's decision. On appeal, the Regional Director found the allegations in the incident report and the evidence supported a Code 331 violation and amended Altman's disciplinary record to reflect this decision. See id. at 15. Thus, Altman received an Amended DHO Report that no longer included Code 305 violation and reduced his sanction to the forfeiture of 14 days of good conduct time and a 90-day restriction on his commissary privileges.

3

See id. at 12. The Regional Director, however, found that "Section II of the incident report and the evidence support Code 331, Possession of Non-Hazardous Contraband, or Tobacco." Id. at 15.

In the M&R Judge Numbers found that sufficient evidence existed to support the disciplinary action, and recommended granting the government's motion to dismiss. Altman objects to Judge Numbers's findings that he admitted to possessing the tobacco, see Obj. [D.E. 15] 1–2, and to Judge Numbers's conclusion that there was "some evidence" to support his Code 331 conviction. See id. at 3.

Certain procedural safeguards apply when loss of statutory good time credit is at issue. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Under Wolff, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) a written statement by the factfinders as to the evidence relied on and the reasons for disciplinary action; and (3) the opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564–66.

In addition to these procedural safeguards, "some evidence in the record" must support a finding revoking a prisoner's good-time credit. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454–55 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [decisionmaker]." Id. at 455–56; Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990) (quotation omitted). The "some evidence" standard is a highly deferential standard of review. See, e.g., Hill, 472 U.S. at 455–56.

First, Altman argues that Judge Numbers erred in finding that Altman admitted to possessing

4

the tobacco. See M&R [D.E. 14] 5. Even assuming that Altman never admitting to possessing tobacco, the court finds that some evidence supports Altman's Code 331 violation. See, e.g., [D.E. 1-1] 12, 15.

Next, Altman argues that the DHO Report described Altman's violation as concerning the introduction of contraband into the prison, rather than possession of contraband, and that no evidence supported a finding that he had introduced contraband. Altman's argument fails. First, Code 331 encompasses possessing, introducing, or manufacturing non-hazardous contraband or tobacco. Although the DHO Report used the label "Introduction of Non-Hazardous Contraband or Tobacco," the statements in the DHO Report and the DHO's Notice of Discipline Hearing clarify that the charge was actually for possession of non-hazardous contraband, the tobacco found in his laundry bag. See [D.E. 1-1] 10, 15; [D.E. 10-4] 1. When the Regional Director found a Code 331 violation, the Regional Director found Altman responsible for the offense of possession of non-hazardous contraband or tobacco, the offense for which the DHO imposed punishment. See [D.E. 1-1] 15. Moreover, Code 331 prohibits either possession or introduction of contraband, and Judge Numbers correctly concluded that "some evidence" supports finding that Altman possessed tobacco regardless of whether he introduced the tobacco into the facility. See generally Reiter v. Sonotone Corp., 442 U.S. 330, 339 (1979); United States v. Cooper, 962 F.2d 339, 341 (4th Cir. 1992), abrogated on other grounds by Johnson v. United States, 529 U.S. 694 (2000). Notably, the DHO examined the record (including credibility) and found that "Altman has not offered any reliable evidence refuting the officer's statements that the tobacco was found in Altman's laundry bag and that the laundry bag is his personal property," that the tobacco was found wrapped inside a t-shirt within the laundry bag, and that prison guidelines instructed prisoners to check their personal areas for contraband. [D.E. 1-1] 12. The Regional Director upheld the Code 331 violation but clarified that "the evidence

5

support[s] [a] Code 331, Possession of Non-Hazardous Contraband, or Tobacco" violation rather than a violation based on introduction. [D.E. 1-1] 15. Although Altman notes that the Regional Director dismissed the Code 305 conviction for possession of unauthorized material, see [D.E. 1-1] 12, 15, the Regional Director's decision dismissing Altman's conviction for the Code 305 offense did not affect the Code 331 possession charge against Altman. See [D.E. 1-1] 15.

Finally, Altman argues that McClung v. Shearin, 90 F. App'x 444 (4th Cir. 2004) (per curiam) (unpublished), prevents the court from finding that he constructively possessed the tobacco because other inmates had access to his cell and his laundry bag. Obj. at 3. However, in his response to the government's motion to dismiss, Altman explicitly stated that he was not challenging the sufficiency of the evidence against him as to possession. Resp. Opp. Mot. Dism. at 2 (stating that the government "puts forth a legal theory which suggests that some evidence needs to be met in determining 'constructive possession', however, this is misplaced as possession albeit constructive or otherwise, is not the element Petitioner is challenging in his instant petition."). Instead, Altman argued that his challenge is based upon the government's failure to "provide or establish any evidence that [Altman] actually 'introduced' the contraband into FCI Morgantown." Id. As explained, however, neither the Regional Director nor the DHO found that Altman introduced the tobacco into the prison. See [D.E. 1-1] 15. Thus, McClung does not help Altman.

In sum, the court OVERRULES plaintiff's objection [D.E. 15], ADOPTS the findings and conclusions in the M&R [D.E. 14] except as modified in this order, and GRANTS the government's motion to dismiss [D.E. 8]. The clerk shall close the case.

SO ORDERED. This _30_ day of January 2017.

JAMES C. DEVER III
Chief United States District Judge